**UNITED STATES of America ex rel. Alex METRO, Petitioner-Appellant,**

**v.**

**UNITED STATES PAROLE COMMISSION, Respondent-Appellee.**

**No. 79–2278**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 7, 1980.

Rehearing Denied April 7, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

118

Alex Metro, pro se.

Barbara Harris, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

After exhausting his administrative remedies, appellant, Alex Metro, filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241 and for mandamus pursuant to 28 U.S.C. § 1361. Metro seeks to require the Parole Commission to conduct a "meaningful" parole reconsideration hearing in 1980 rather than in 1982. The District Court dismissed appellant's petition on the recommendation of the United States Magistrate. For the reasons below, we affirm.

Appellant Metro, a federal prisoner at the United States Penitentiary in Atlanta, Georgia, is serving a 20-year sentence imposed in early 1972 for his involvement in a large-scale drug conspiracy. Metro received a Parole Commission hearing in April, 1978, following completion of one-third of his sentence. He was referred to the Atlanta Regional Commission for its consideration and on May 11, 1978, the Atlanta Regional Review Panel denied parole and scheduled appellant Metro for a four-year reconsideration hearing pursuant to 28 C.F.R. § 2.14(c) (1978) [1] in April, 1982, and a statutory interim hearing pursuant to 28 C.F.R. § 2.14(a) (1978) [2] in April, 1980.

1. § 2.14(c):

"(c) *Four-year reconsideration hearings.* A four-year reconsideration hearing shall be a full reassessment of the case pursuant to the procedures of § 2.13 to determine whether the setting of a presumptive release date would be appropriate at that time.

(1) A four-year reconsideration hearing shall be ordered following initial hearing in any case in which a release date is not set.

(2) Following a four-year reconsideration hearing, the Commission may:

(i) Set a presumptive release date, if such date falls within four years of the hearing; or

(ii) Continue the prisoner to a further four-year reconsideration hearing if no presumptive release date is set."

2. § 2.14. Subsequent proceedings.

(a) *Interim proceedings.* The purpose of an interim proceeding required by 18 U.S.C. § 4208(h) shall be to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the initial hearing.

(1) Notwithstanding a previously ordered presumptive release date or four-year reconsideration hearing, interim hearings shall be conducted by an examiner panel pursuant to the procedures of § 2.13(b), (c), (e) and (f) at the following intervals from the date of the last hearing:

⋅    ⋅    ⋅    ⋅    ⋅

(ii) in the case of a prisoner with a maximum term or terms of 7 years or more, every 24 months (until released).

⋅    ⋅    ⋅    ⋅    ⋅

(3) Following an interim hearing, the Commission may:

(i) Order no change in the previous decision;

(ii) Advance a presumptive release date, or the date of a four-year reconsideration hearing. However, it shall be the policy of the Commission that once set, a presumptive release date or the date of a four-year reconsideration hearing shall not be advanced except under clearly exceptional circumstances."

Metro argues that the parole hearings presently scheduled for him, as above set out, do not meet the statutory requirement under 18 U.S.C. § 4208(h)(2), which provides:

"(h) In any case in which release on parole is not granted, subsequent parole determination proceedings shall be held not less frequently than:

.      .      .      .      .

(2) twenty-four months in the case of a prisoner with a term or terms of seven years or longer."

Metro apparently contends that § 4208(h)(2) requires a full parole hearing every two years, and that the interim hearing for which he is scheduled in April, 1980, is a limited hearing[3] which does not meet the statutory requirement.

The precise posture appropriate for our consideration of Metro's contention has been changed by a 1979 amendment to the Parole Commission regulations.[4] Under the amended regulations, Metro's hearing already scheduled for 1980 will be converted into the full-scale hearing which was not originally scheduled until 1982.[5] Under current regulations, Metro will receive in 1980 the full-scale parole hearing which he desires, and will receive an interim hearing in 1982, and every 24 months thereafter until released.

■■■ In this changed context, we hold that Metro has no meritorious complaint with respect to the hearing scheduled for 1980, which will be the full-scale hearing he apparently desires. Considering his complaint that the interim hearings scheduled for 1982, and every two years thereafter, will be limited hearings, as opposed to full-scale hearings, we find no merit in this contention. The requirement of 18 U.S.C. § 4208(h)(2) is simply that "subsequent parole determination proceedings" be held every two years. The statute does not require a full-scale hearing every two years. To the contrary, the legislative history clearly demonstrates that Congress intended the subsequent biennial parole hearings to have a scope and purpose precisely as provided by the regulations:

"It is the intent of the Conferees that all of the items which bear upon the parole decision are considered at the initial determination proceeding, but that the subsequent proceedings required by this section [4208] focus upon those items which have changed, or which may have changed, in the intervening time." Joint Explanatory Statement of the Committee of Conference, House Conf.Rep.No. 94–838, 94th Cong., 2d Sess., *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 351, 363.

The judgment of the District Court is accordingly

AFFIRMED.

---

3. § 2.14 of the regulation, describing the interim hearing, is quoted in footnote 2.

4. 28 C.F.R. §§ 2.12, 2.14 (1979).

5. In explaining the amendment, the Parole Commission said:

"The amendment is designed to provide more certainty in the service of prison terms . . . (A)ny prisoner receiving a parole hearing of any kind on or after March 5, 1979, will be considered for a presumptive release date under the terms of the amended rule . . . ." 44 Fed.Reg. 3404 (1979).

When the amendment was originally proposed, the Parole Commission offered a further explanation:

"In the case of a prisoner who has already had his initial hearing, but was continued to a 4-year reconsideration hearing, the Commission would endeavor to set a presumptive date pursuant to the proposed procedures . . . at the next scheduled hearing in that prisoner's case (statutory interim or 4-year reconsideration hearing). An interim hearing in such a case will be conducted in lieu of (and pursuant to the same procedures as) the previously scheduled 4-year reconsideration hearing." 43 Fed.Reg. 41412 (1978).